986 F.2d 1246
 1 A.D.D. 737, 4 NDLR P 1
 Harlan D. THRASHER, Appellant,
v.
Clyde BARRICK, privately and as President of Shelby County
Public Water Supply District No. 1; Leon Latchford,
privately and as Vice President of Shelby County Public
Water Supply District No. 1; Leroy Calvert, J.C. Douglas,
and Cecil Fisher, all privately and as Members of the Board
of Shelby County Public Water Supply District No. 1, Appellees.
 No. 92-3034.
 United States Court of Appeals,
Eighth Circuit.
 Submitted Jan. 18, 1993.
Decided March 4, 1993.
Rehearing and Rehearing En Banc
Denied April 22, 1993.
 
 Harlan D. Thrasher, pro se.
 David H. Wendt, St. Louis, MO, for appellees.
 Before RICHARD S. ARNOLD, Chief Judge, HEANEY, Senior Circuit Judge, and MAGILL, Circuit Judge.
 RICHARD S. ARNOLD, Chief Judge.
 
 
 1
 Harlan D. Thrasher brought suit against the members of the board of directors of the Public Water Supply District of Shelby County, Missouri, alleging that the defendants violated his rights by denying him water service unless he granted an easement over his property to the Water District. Specifically, he claimed that the defendants' actions were a taking of his private property for public use without just compensation, in violation of the Fifth and Fourteenth Amendments of the Constitution. He also alleged that the defendants discriminated against him in violation of the Rehabilitation Act of 1973, by treating him differently from other water-district customers because of his handicap, i.e., that he is emotionally disturbed. In a series of orders, the District Court[1] dismissed all claims brought under the Rehabilitation Act and granted summary judgment in favor of the defendants on the other claims. Thrasher appeals. We affirm.
 
 
 2
 In November of 1986, Thrasher wrote the Water District requesting water service and, in accordance with the rules and regulations, paid a $60 water hook-up fee. The Water District requires each customer to execute a water user's agreement, which includes the granting of an easement to the Water District. This gives the Water District permission to come onto the customer's property to install a water meter and a private water-service line connecting the customer's residence to the public water main. When Thrasher refused to execute the agreement, the Water District refunded his money.
 
 
 3
 Thrasher then filed this action claiming that the Water District, in refusing to provide him with service because he refused to grant an easement, was attempting to take control of his property for public use without compensating him. Secondly, he asserts that he is a handicapped person within the meaning of the Rehabilitation Act of 1973, 29 U.S.C. § 794, and that the Water District discriminated against him because of his handicap.
 
 
 4
 The District Court adopted the magistrate judge's[2] report and recommendation dismissing Thrasher's discrimination claim for failure to state a cause of action under the Rehabilitation Act. The Court held Thrasher did not adequately allege that he was a handicapped individual as defined by the statute; he merely made general references to his "emotional disturbance." The relevant statute defines a handicapped individual as one who
 
 
 5
 (i) has a physical or mental impairment which substantially limits one or more of such person's major life activities, (ii) has a record of such an impairment, or (iii) is regarded as having such an impairment.
 
 
 6
 29 U.S.C. § 706(8)(B). We agree that Thrasher did not plead facts sufficient to allege that he was a handicapped person. Merely indicating that he is emotionally disturbed doesn't even come close to alleging that Thrasher suffers from a mental impairment which "substantially limits one or more of [his] major life activities." We also note that every potential customer of the Water District is required to grant an easement to allow for the installation of a water meter and private water line. Thus, even if the plaintiff had adequately alleged that he is a handicapped individual, he would have faced an unwinnable battle to prove that he had been discriminated against because of his handicap.
 
 
 7
 Finally, we affirm the District Court's order granting summary judgment for the defendants on the taking-for-public-use issue. The essence of this case is that Thrasher wants the Water District to provide water service to him, but refuses to grant an easement to allow defendants to lay a water line, install a water meter, and inspect and maintain them. The water line and water meter would be located on Thrasher's property and are intended for Thrasher's sole benefit. The District Court found, and Thrasher has not suggested otherwise, that the easement is not to be used by the Water District to serve anyone but Thrasher. This is not a "taking" of Thrasher's property, but simply a reasonable, perhaps necessary, requirement without which the Water District could not serve Thrasher properly. No one forced Thrasher to convey an easement. He was asked to do so only because he first requested water service.
 
 
 8
 We affirm the judgment of the District Court.
 
 
 
 [1]
 The Hon. George F. Gunn, Jr., United States District Judge for the Eastern District of Missouri
 
 
 [2]
 The Hon. Carol E. Jackson, United States Magistrate Judge for the Eastern District of Missouri, elevated to United States District Judge for the Eastern District of Missouri on August 17, 1992